TODD T. TASAKI, D.D.S., M.S., INC. a Hawaii Corporation, Plaintiff-Appellee,
v.
AIG HAWAII INSURANCE COMPANY, a Hawaii Corporation, Defendant-Appellant
No. 28114
Intermediate Court of Appeals of Hawaii.
June 27, 2008.
On the briefs:
Katharine M. Nohr, (Miyagi, Nohr & Myhre) for Defendant-Appellant.
Ian L. Mattoch, Daniel P. Kirley (Law Office of Ian L. Mattoch) for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, NAKAMURA, and FUJISE, JJ.
Defendant-Appellant AIG Hawaii Insurance Company (AIG) appeals from the Judgment filed on July 18, 2006, in the District Court of the First Circuit (district court).[1] Jeremy Badon (Badon) allegedly injured his teeth, jaw, and head in a motor vehicle accident that occurred on October 24, 2003. Badon was insured by AIG under an automobile insurance policy that included personal injury protection (PIP) coverage. In September of 2005, Badon received dental treatments from Plaintiff-Appellee Todd T. Tasaki, D.D.S., M.S., Inc. (Dr. Tasaki). Dr. Tasaki sought payment from AIG for the dental treatments he provided to Badon by submitting a claim for PIP benefits to AIG. AIG issued a denial of Dr. Tasaki's claim based on a record review report prepared by George Wessberg, D.D.S. (Dr. Wessberg).
Dr. Tasaki sued AIG alleging that AIG had wrongfully denied his claim for PIP benefits. The district court granted Dr. Tasaki's motion for summary judgment. The district court ruled that AIG had violated Hawaii Revised Statues (HRS) § 431:10C-308.5(b) (2005)[2] by hiring Dr. Wessberg to prepare the record review without Badon's mutual agreement or consent. The court concluded that because AIG had violated HRS 431:10308.5(b), AIG was precluded from relying upon Dr. Wessberg's report to deny Dr. Tasaki's claim. The court entered Judgment in favor of Dr. Tasaki and against AIG, awarding the principal amount of $1,342.40 as well as attorney's fees and costs.

I.
On appeal, AIG argues that the district court erred by: (1) interpreting HRS 431:10C-308.5(b) to require that AIG obtain mutual agreement from a claimant before hiring a record reviewer; (2) precluding AIG from relying on Dr. Wessberg's report to support its denial of PIP benefits; (3) allowing Dr. Tasaki to assert Badon's rights under HRS 431:10C-308.5(b), where Dr. Tasaki had no standing to do so; 4) granting summary judgment in favor of Dr. Tasaki when AIG's denial of PIP benefits and Dr. Wessberg's report created genuine issues of material fact; and (5) granting Dr. Tasaki's request for attorney's fees and costs.
After a careful review of the record and the briefs submitted by the parties, we resolve the arguments AIG raises on appeal as follows:
1. We conclude that the district court erred in: (1) interpreting HRS 431:10C-308.5(b) to require that AIG obtain mutual agreement from a claimant before hiring a record reviewer; and (2) precluding AIG from relying on Dr. Wessberg's report to support AIG's denial of PIP benefits. Under HRS § 431:10308.5(b), a record review is not equivalent to an independent medical examination (IME). Gillan v. Gov't Employees Ins. Co., No. 28075, ___ Haeai'i ___. ___ P.3d ___, 2008 WL 1747917, at *10-*13 (Haw. App. April 17, 2008). Accordingly, insurers do not need to obtain the mutual agreement of a claimant before selecting and using a record reviewer. Id. Pursuant to Gillan, we agree with AIG that HRS 431:10C-308.5(b) did not require that AIG obtain mutual agreement from Badon before it hired Dr. Wessberg to conduct the record review. Furthermore, because AIG did not violate HRS 431:10C-308.5(b) the district court erred in precluding AIG from relying upon Dr. Wessberg's report to support AIG's denial of Dr. Tasaki's claim.
2. In view of our decision that AIG did not violate HRS 431:10C-308.5(b) and can rely on Dr. Wessberg's report, we need not address AIG's claim that Dr. Tasaki lacks standing to assert Badon's rights under HRS 431:10C-308.5(b).
3. We conclude that the district court erred in granting summary judgment because Dr. Wessberg's report created genuine issues of material fact as to the compensability of Dr. Tasaki's claim for PIP benefits. Dr. Wessberg opined that Badon's temporomandibular disorder and fractured teeth, which were treated by Dr. Tasaki, were not causally related to Badon's motor vehicle accident.
We reject Dr. Tasaki's argument that even if AIG is permitted to rely on Dr. Wessberg's report, Dr. Tasaki was entitled to summary judgment because Dr. Wessberg's report "was never properly before the trial court for purposes of a summary judgment motion." Dr. Tasaki contends that Dr. Wessberg's report was inadmissible hearsay because AIG did not submit an affidavit or declaration by Dr. Wessberg attesting to the report. See Hawai`i Rules of Civil Procedure Rule 56(e) (2008). However, prior to the summary judgment hearing, the parties entered into a stipulation that "Defendant AIG denied Plaintiff TASAKI's claim for payment based upon an October 14, 2005 records review report by George Wassberg, DDS," and they attached a copy of the report to the stipulation. We conclude that in the context of this case, the stipulation was sufficient to render Dr. Wessberg's report admissible for purposes of the summary judgment motion.
We further conclude that Dr. Tasaki waived his right to challenge Dr. Wessberg's report on hearsay grounds by failing to make a specific hearsay objection before the district court. See Price v. AIG Hawai`i Ins. Co., 107 Hawai`i 106, 111-12, 111 P.3d 1, 6-7 (2005) (holding that the right to challenge the admissibility of depositions offered in support of a motion for summary judgment was waived by failure to object to the depositions in the trial court). AIG attached a copy of Dr. Wessberg's report to its memorandum in opposition to Dr. Tasaki's summary judgment motion, and AIG's attorney verified in an affidavit that the report was a "true and correct copy." Dr. Tasaki asserted in his reply memorandum that "AIG did not submit any evidence whatsoever to rebut [Dr. Tasaki's] evidence that the treatment was causally related to the accident, and appropriate, reasonable and necessary." However, Dr. Tasaki did not specifically object to the admissibility of Dr. Wessberg's report on hearsay grounds or argue that the report was not properly before the district court because Dr. Wessberg had not submitted an affidavit or declaration. We conclude that Dr. Tasaki did not preserve his right to challenge Dr. Wessberg's report on hearsay grounds. Dr. Taskai's reference to AIG's failure to submit rebuttal evidence was ambiguous in the context of this case where the focus of Dr. Tasaki's summary judgment motion was his claim that AIG's alleged violation of HRS 431:10C-308.5(b) precluded AIG from relying on Dr. Wessberg's report.
4. Based on the foregoing analysis, we also vacate the district court's award of attorney's fees and costs, which was based on its grant of summary judgment in favor of Dr. Tasaki.

II.
We vacate the district court's July 18, 2006, Judgment, and we remand the case for further proceedings consistent with this Summary Disposition Order.
NOTES
[1] The Honorable Christopher P. McKenzie presided.
[2] HRS § 431:10C-308.5(b) (2005) provides:

§ 431:10C-308.5 Limitation on charges. . . . .
(b) The charges and frequency of treatment for services specified in section 431:10C-103.5(a), except for emergency services provided within seventy-two hours following a motor vehicle accident resulting in injury, shall not exceed the charges and frequency of treatment permissible under the workers' compensation supplemental medical fee schedule. Charges for independent medical examinations, including record reviews, physical examinations, history taking, and reports, to be conducted by a licensed Hawaii provider unless the insured consents to an out-of-state provider, shall not exceed the charges permissible under the appropriate codes in the workers' compensation supplemental medical fee schedule. The workers' compensation supplemental medical fee schedule shall not apply to independent medical examinations conducted by out-of-state providers if the charges for the examination are reasonable. The independent medical examiner shall be selected by mutual agreement between the insurer and claimant; provided that if no agreement is reached, the selection may be submitted to the commissioner, arbitration or circuit court. The independent medical examiner shall be of the same specialty as the provider whose treatment is being reviewed, unless otherwise agreed by the insurer and claimant. All records and charges relating to an independent medical examination shall be made available to the claimant upon request. The commissioner may adopt administrative rules relating to fees or frequency of treatment for injuries covered by personal injury protection benefits. If adopted, these administrative rules shall prevail to the extent that they are inconsistent with the workers' compensation supplemental medical fee schedule.
(Emphases added.)